UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| MICHAEL TERRELL, | ) | |
|---|---|---|
| Plaintiff(s), | ) | |
| vs. | ) | Case No. 4:04CV1216 JCH |
| STEVEN SCHWERB, et al., | ) | |
| Defendant(s). | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion for Summary Judgment, filed November 17, 2004. (Doc. No. 10). The matter is fully briefed and ready for disposition.

## BACKGROUND

By way of background, Plaintiff filed his Complaint in this matter on September 7, 2004. (Doc. No. 1). In his Complaint, Plaintiff alleges that on January 9, 2002, Defendants Steven Schwerb, Eric Lingard, and Michael Marks forced their way into Plaintiff's home without a warrant. Plaintiff further alleges Defendants seized Plaintiff's lawfully owned rifles without permission, and then applied handcuffs to Plaintiff before driving him to "jail." Finally, Plaintiff alleges that during his custodial restraint, Defendants refused to allow Plaintiff visitors, refused to allow Plaintiff to make a phone call, and refused to provide Plaintiff with food. Plaintiff thus asserts Defendants unlawfully subjected him to torture, abduction, kidnaping, illegal seizure, and coercion.

As stated above, Defendants filed the instant Motion for Summary Judgment on November 17, 2004. In their motion, Defendants maintain that regardless of the particular constitutional

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

provisions at issue[1], Defendants are entitled to summary judgment, because they did not force their way into Plaintiff's house, did not use physical force against Plaintiff, did not deny Plaintiff use of a telephone, and did not deny Plaintiff access to visitors. In support of these contentions, Defendants submit Affidavits[2] stating as follows:

1. My name is Eric Lingard and I am currently employed as a police officer by the Board of Police Commissioners for the City of St. Louis and was so employed on January 9, 2002.

2. On January 9, 2002, I was assigned to be partnered with Sergeant Michael Marks and Officer Steven Schwerb. We were part of a federally funded task force entitled "Weed and Seed". The purpose of the task force was to increase neighborhood patrols.

3. At approximately 8:47 p.m., we received a radio assignment for an individual discharging a firearm near the intersection of Labadie and Euclid.

4. The caller described the individual as a tall, thin black male wearing a yellow sweater and having dreadlocks. Upon arriving at that location, we did not observe anyone matching that description.

5. Upon further investigation, we patrolled the 4800 block of Labadie. While patrolling, we observed an individual inside a residence located at 4830 Labadie. The individual matched the description given by the caller. The individual was holding a shotgun.

6. Officer Steven Schwerb, called out to the individual to put the weapon down and come outside with his hands up. After approximately thirty seconds an individual, later identified as Michael Terrell, exited the front door of the residence with a shotgun raised over his head.

7. Officer Schwerb ordered Michael Terrell to put the weapon down, which he did without incident. Officer Schwerb went over and picked up the weapon to examine it. The shotgun was unloaded and upon inspection it was noted that the serial number had been defaced.

---

[1] Defendants note that Plaintiff fails to identify the particular Constitutional provisions or United States statutes allegedly violated. (Memorandum of Law in Support of Defendants' Motion for Summary Judgment, PP. 1, 3).

[2] With the exception of the substitution of names, Defendants' Affidavits are identical.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

8. Officer Schwerb advised Michael Terrell that he was under arrest for Possession of a Defaced Firearm. Michael Terrell was advised of his constitutional rights and he stated he understood. Michael Terrell further stated, "Motherf-----s are crazy around here, I have to protect myself." A search incident to the arrest revealed that Michael Terrell was in possession of three live .20 gauge shotgun shells in his right front pants pocket.

9. Officer Schwerb notified the dispatcher that we made an arrest relative to our assignment and asked to [sic] dispatcher to contact the caller in order that the caller could view Michael Terrell to determine if he was the individual discharging the firearm near the intersection of Labadie and Euclid.

10. The caller made a positive identification of Michael Terrell as the individual discharging a firearm near the intersection of Labadie and Euclid. Michael Terrell was then advised that he was additionally charged with Discharging a Firearm within City Limits. Again, Michael Terrell was advised of his rights and he stated that he understood.

11. Michael Terrell was taken to the North Patrol Division located at 4014 N. Union. He remained at the North Patrol Division until he was transported to Central Headquarters located at 1200 Clark Avenue. He was transported to Central Headquarters on January 9, 2002, a few hours after his arrest.

12. The shotgun seized from Michael Terrell was marked, packaged, and conveyed to the police department laboratory as evidence.

13. Michael Terrell never advised me that he wanted to use the telephone while in custody.

14. I did not deny Michael Terrell access to visitors.

15. Once Michael Terrell was transported to Central Headquarters on January 9, 2002, he was no longer under my custody or that of Officer Schwerb or Sergeant Marks.

16. At no time was force used against Michael Terrell.

17. All my actions that I performed were done in good faith, in that they were reasonable, necessary and lawful to effectuate the arrest of Michael Terrell and to prevent his escape and to prevent injury to myself and others.

(Affidavits of Eric Lingard, Michael Marks, and Steven Schwerb, attached as exhibits to Defendants' Motion for Summary Judgment). Defendants further incorporate the above allegations into a Statement of Uncontroverted Facts, as required by Local Rule 7-4.01(E).

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

**DISCUSSION**

The Court may grant a motion for summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A moving party always bears the burden of informing the Court of the basis of its motion. Celotex, 477 U.S. at 323. Once the moving party discharges this burden, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247, 256 (1986). "If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Fed. R. Civ. P. 56(e).

Upon consideration, the Court finds Defendants are entitled to summary judgment in this matter. As noted above, with their Affidavits Defendants provide testimony demonstrating their actions did not deprive Plaintiff of his Constitutional rights. In his response, Plaintiff does not, "set forth specific facts showing that there is a genuine issue for trial"[3]; rather, at best, Plaintiff merely relies upon the allegations set forth in his original Complaint.[4] Fed. R. Civ. P. 56(e). Such reliance

---

[3] The Court notes that Plaintiff's "Affidavit" was not confirmed by oath or affirmation before a person having authority to administer such oath or affirmation. See definition of "affidavit," Black's Law Dictionary.

[4] The Court finds the majority of Plaintiff's response to be non-responsive to the assertions set forth in Defendants' motion.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

is insufficient to defeat a properly supported motion for summary judgment, and so Defendants' motion must be granted.[5]

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment (Doc. No. 10) is **GRANTED**, and Plaintiff's claims are **DISMISSED** with prejudice. An appropriate Judgment will accompany this Memorandum and Order.

Dated this 12th day of May, 2005.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

[5] As further support for its holding, the Court notes that Plaintiff failed to submit a response to Defendants' Statement of Uncontroverted Facts, and thus the facts contained therein are deemed admitted for purposes of this summary judgment motion. See Local Rule 7-4.01(E).

PDF created with FinePrint pdfFactory trial version www.pdffactory.com